Madison Sixty Owner LLC v Mikedo Realty Partners LLC (2024 NY Slip Op 50956(U))

[*1]

Madison Sixty Owner LLC v Mikedo Realty Partners LLC

2024 NY Slip Op 50956(U)

Decided on July 24, 2024

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 24, 2024
Civil Court of the City of New York, New York County

Madison Sixty Owner LLC, Petitioner/Landlord,

against
Mikedo Realty Partners LLC, Respondent/Tenant. 
 Tristar Management Associates LLC; XYZ Inc, Respondent/Undertenant(s).

Index No. LT-318572-23/NY

Petitioner's counsel:
The Klein Law Group LLC
275 Madison Avenue, 33rd Fl 
New York, NY 10016
Respondent's counsel:
SDK Heiberger LLP
205 East 42nd Street, 6th Floor 
New York, NY 10017

Wendy Changyong Li, J.

I. Recitation of the Papers as Required by CPLR 2219 (a):
Upon reading Respondent's Motion ("Motion") to dismiss the proceeding, Petitioner's opposition, and Respondent's reply, Respondent's Motion is decided as follows.

 II. Procedural History
Petitioner commenced the non-payment proceeding to collect $179,372.91 in unpaid rent as well as for a judgment of possession by filing a Petition and Notice of Petition on September 19, 2023. Respondent joined the action by filing an answer. Respondent filed the instant Motion to dismiss on November 6, 2023.

 III. Discussion
Respondent moved to dismiss the Petition on the basis that the rent demand served on Respondent was defective in that it did not state a good-faith amount. The focus of the dispute [*2]among the parties was whether the $98,193.63 labeled as "Replenishment of Security Draw Down Charge" in the rend demand was indeed the security deposit or the outstanding rent. Pursuant to the sworn affidavit dated December 6, 2023 of Mr. Berookhim, Vice President of Petitioner's property management company, ("Berookhim Affi"), Respondent had been in arrears in the payment of Base Rent and Additional Rent on a continuous basis since on or about March 1, 2023. On or about June 16, 2023, Petitioner served Respondent with a "5-day Notice to Cure" dated June 13, 2023 in accordance with Article 27 of the lease between the Petitioner and the Respondent dated as of May 10, 2018, as the same being amended on June 9, 2021 ("Lease"), stating that the rent arrears was in the amount of $98,193.63. On June 28, 2023 and upon the expiration of the Notice to Cure, Petitioner drew down $98,193.63 from the security deposit of $99,450 pursuant to Article 32 of the Lease. On July 6, 2023, Petitioner sent a notice to Respondent for the replenishment of the security deposit which was utilized to pay the rent arrears on June 28, 2023 in the amount of $98,193.63. Respondent failed to replenish the security deposit and continued to fail to pay rent. Here, Petitioner has established through Berookhim Affi and its rent ledger that Respondent had failed to pay rent since March 1, 2023. Petitioner's rent demand dated August 22, 2023 only listed one month outstanding rent for July 2023 in the amount of $24,394.26, however, listed $98,193.63 as "Replenishment of Security Draw Down Charge", rather than to clarify that such $98,193.63 reflected the rent arrears for the month of March, April, May, and June 2023. Respondent did not dispute that it has not been paying rent since March 1, 2023, but alleged that such line item is improper for a summary nonpayment proceeding.
Article 32 of the Lease provided that "(a) [Respondent] shall deliver to [Petitioner] on the singing of [the] Lease either a certified check or an irrevocable and unconditional Letter of Credit in the amount of $99,450 . . . [Petitioner] may apply or retain the whole or any part of the Security Deposit so deposited to the extent required for the payment of any Rent and Additional Rent or any other sum as to which [Respondent] is in default . . . If [Petitioner] applie[d] or retain[ed] or [drew] down on any part of the Security Deposit so deposited, [Respondent], within five (5) business days after written notice from [Petitioner], shall deposit with [Respondent] the amount so applied or retained or increase the amount of the Letter of Credit in the amount of such application, retention or draw down, so that [Petitioner] shall have the full Security Deposit on hand at all times during the Term. The failure by [Respondent] to deposit such additional amount or make such increase in the amount of the Letter of Credit within five (5) business days after written notice from [Petitioner] shall be deemed an Event of Default pursuant to Article 17 of [the] Lease . . ."
Since a proper rent demand is a condition precedent to maintaining a non-payment proceeding, a lack of a proper predicate notice is fatal to the proceeding (Fitzpatrick Hous. Dev. Fund v. Gonzalez, 2018 NYLJ LEXIS 2983 [2018]). In assessing whether the predicate notice is proper enough to allow for the non-payment proceeding, the Court must analyze the notice's reasonableness (id.). The court in Fitzpatrick Hous. Dev. Fund. explained that the purpose of the predicate notice is "not only to inform the tenant that an eviction proceeding will be commenced if payment is not made, but to allow the tenant an opportunity to make payment as required by the demand" (id.). Therefore, the predicate notice must contain the good faith amount which the tenant can make payments to in order to avoid an eviction proceeding (id.). "A rent notice must 'set forth the approximate good faith amount of rent owed'" (125 Ct. St., LLC v Sher, 58 Misc 3d 150[A], 2018 NY Slip Op 50092[U], *2 [2nd Dept. 2018]). Here, based on evidence at hand, [*3]Petitioner notified Respondent in June, 2023 and again in August, 2023 that Respondent had been behind in rent since March 2023 in the approximate amount of $98,193.63 when the Petitioner invoked its right under Article 32 of the Lease. Although Petitioner labeled the rent arrears of $98,193.63 in the form of "Security Deposit Draw Down Charge", this Court finds that Petitioner's rent demand was reasonable in informing that Respondent was in default due to its failure in paying the rent of $98,193.63 as of June 1, 2023. This Court recognizes that "Security deposits are not rent and they cannot be recovered in a non-payment proceeding" (see 225 Holding Co., LLC v Beal, 12 Misc 3d 136[A], 136A [2nd Dept 2006]); and that security deposits should not be included in the rent demand (see Flushing QF Portfolio II LLC v. Santana, 2016 NYLJ LEXIS 4215; see also 2229 Creston Partners LLC v Ramos, 31 Misc 3d 1221[A], 1221A, 2011 NY Slip Op 50791[U], *2 [Civ Ct, Bronx County 2011]). Here, Petitioner was not seeking to recover the security deposit, rather, it sought to recover the rent arrears invoking Article 32 of the Lease. Although this Court excuses Petitioner's mislabel of outstanding rent in the amount of $98,193.63 as "Security Deposit Draw Down Charge", Petitioner is reminded that any future replenishment of security deposit or letter of credit is not covered by the non-payment proceeding in Part 52, even though parties to the action are presumably sophisticated businesspersons who are used to the concept of a letter of credit; and that Petitioner is only entitled to recover the past-due rents in a non-payment proceeding at Part 52.
Respondent sought to dismiss Petitioner's petition as to the non-payment proceeding and dismiss petition against Tristar Management Associates LLC as improper party pursuant to CPLR 3212, RPAPL 711 and RPAPL 741. Here, Petitioner properly commenced the instant action pursuant to RPAPL 711 and RPAPL 741.
Pursuant to CPLR 3212, "[a] motion [for summary judgment] shall be granted if . . . the cause of action . . . [is] established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." (CPLR 3212 [b]; Non-Exempt Marital Trust under the Melvin Last Revocable Trust v Premier One Corp., 79 Misc 3d 1218[A], 2023 NY Slip Op 50658[U] [Civ Ct, Queens County 2023], citing Rodriguez v. City of New York, 31 NY3d 312, 76 N.Y.S.3d 898, 101 N.E.3d 366 [2018].) The motion for summary judgment must also "show that there is no defense to the cause of action." (id.). The party moving for summary judgment must make a prima facie showing that it is entitled to summary judgment by offering admissible evidence demonstrating the absence of any material issues of fact and it can be decided as a matter of law. (CPLR § 3212 [b]; Non-Exempt Marital Trust under the Melvin Last Revocable Trust v Premier One Corp., 79 Misc 3d 1218[A], 2023 NY Slip Op 50658[U] [Civ Ct, Queens County 2023], citing Jacobsen v New York City Health and Hosps. Corp., 22 NY3d 824, 988 N.Y.S.2d 86, 11 N.E.3d 159 [2014]; Brill v City of New York, 2 NY3d 648, 814 N.E.2d 431, 781 N.Y.S.2d 261 [2004].) In deciding a summary judgment motion, the court does not make credibility determinations or findings of fact. Its function is to identify issues of fact, not to decide them. (Non-Exempt Marital Trust under the Melvin Last Revocable Trust v Premier One Corp., 79 Misc 3d 1218[A], 2023 NY Slip Op 50658[U] [Civ Ct, Queens County 2023], citing Vega v. Restani Constr. Corp., 18 NY3d 499, 505, 965 N.E.2d 240, 942 N.Y.S.2d 13 [2012].) Once a prima facie showing has been made, however, the burden shifts to the non-moving party to prove that material issues of fact exist that must be resolved at trial (Non-Exempt Marital Trust under the Melvin Last Revocable Trust v Premier One Corp., 79 Misc 3d 1218[A], 2023 NY Slip Op 50658[U] [Civ Ct, Queens County 2023], citing Zuckerman v. City of New York, 49 NY2d 557, 404 N.E.2d 718, 427 N.Y.S.2d 595 [1980]).
Here, Respondent failed to establish its prima facie case to warrant a dismissal of the Petition based on the alleged improper rent demand.
Respondent also alleged that Tristar Management Associates LLC was an improper party to this action but failed to present any additional evidence to support its allegation. In addition, Petitioner's Berookhim Affi indicated that Berookhim "personally sen[t] copies of each and every invoice via email to [Respondent] to their designated representative 'Nabil' at Tristar Management Company..[and also mail Respondent] all invoices by an outside vendor." Here, a factual issue exists and Respondent's request seeking to dismiss Tristar Management Associates LLC from this proceeding is denied pending trial.

 IV. Order
Accordingly, it is
ORDERED that Respondent's motion to dismiss the Petition and dismiss Tristar Management Associates LLC from this action is denied.
This constitutes the DECISION and ORDER of the Court.
Dated: July 24, 2024
County of New York
Honorable Wendy Changyong Li, J.C.C.